HEIRS OF MATTHEW T. WRIGHT, Deceased,

*v.*

ELIZABETH MINSHALL.

WILL—*a devise of land previously sold but not conveyed, passes the purchase money due on the land.* Where a testator devises land, the legal title to which is in him, but which he has sold and given to the purchaser a bond for a deed therefor, the purchase money, when paid by the purchaser, will belong to the devisee.

APPEAL from the Circuit Court of Clay county.

Mr. G. W. HENRY, and Mr. F. B. HITCHCOCK, for the appellants.

Messrs. COPE & BOYLES, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Matthew T. Wright, in his lifetime, being the owner of certain lands in Clay county, in this State, on the 15th day of

May, 1871, made his last will and testament, by which he de-
vised to Elizabeth Minshall all his real estate, land and appur-
tenances in Clay county.

Prior to the execution of the will, the testator had contracted
to sell his lands in Clay county, had executed a bond for a
deed, and received the notes of the purchaser, which were
unpaid at the time of his death.

He left a number of collateral heirs-at-law, and among them
Elizabeth Minshall, his sister and sole devisee, under the will,
of his real estate.

The notes having been paid after the death of the testator,
and the fact reported to the probate court, the heirs-at-law
applied to that court for a *pro rata* distribution of their pro-
ceeds, amounting to about eleven hundred and seventy-five
dollars.

That court directed the administrator to pay the entire pro-
ceeds to Elizabeth Minshall. An appeal was taken from this
order, to the circuit court, where, on due consideration, the
same was affirmed.

To reverse this judgment, the heirs-at-law, except Elizabeth
Minshall, appeal to this court, insisting it was error to appro-
priate these proceeds in this manner.

These proceeds were the proceeds of the real estate, all
which had been devised to Elizabeth Minshall subsequent to
the contract of sale. There is no ambiguity in the terms of
the will. They are plain, direct and positive. At the time
the will was made, the testator held the legal title to this land,
and was, to all intents and purposes, the legal owner of it, and
had full power to devise it. Suppose the party who had agreed
to purchase it, had failed to perform his contract, or the con-
tract had been rescinded, it will not be pretended the land
would have gone to the heirs-at-law. It would have been con-
trolled by the will. By that, the legal title was devised to
appellee, and there can be no question she is rightfully entitled
to the proceeds of this legal title when sold and conveyed, and
this, manifestly, was the intention of the testator. His inten-
tion was, to devise to appellee such interest as he had in or to

arise from the land, and that was the purchase money, and, though described in the will as land, the devise passed the purchase money.

*Woods* v. *Moore*, 4 Sanford (N. Y.), 579, is a case in point. The judgment of the circuit court is affirmed.

*Judgment affirmed.*