**Estate of George N. Hubbard v. Estella J. Hubbard.**

99    555
a198s  621

1. WILLS—*Evidence of the Circumstances of the Testator at the Time of Making His Will Admissible, but His Declarations Are Not.*—Evidence as to the circumstances of a testator at the time of making his will is properly admitted on the trial of a suit for the construction of the will, but testimony as to his declarations concerning his intentions and in what manner he wished to dispose of his property are not admissible.

2. SAME—*Intention of the Testator Governs—Codicils.*—Whenever a condition is presented calling for the construction of a will, the polar star of direction is the intention of the testator, and effect is, if possible, to be given to the entire instrument. The provisions of a codicil are to be construed so as to harmonize with the body of the will, if this can be fairly done.

3. SAME—*Revocation by Cancellations and Erasures.*—Where a bequest in a will has been erased by the testator by the drawing of lines across the words comprising it, the erased portion ceases to be a part of the will, as much so as if it had never been inserted in it. The rule, generally, is that the entire will or any of its provisions may be revoked by cancellation or obliteration as well as by burning or tearing it up.

**Bill for the Construction of a Will.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

**Statement.**—This is an appeal from an order of the Circuit Court construing the will of George N. Hubbard, deceased.

The devisory part of the will is as follows:

" I give, devise and bequeath to my beloved wife, Estella Hubbard, the 158½ farm situated in Lee township, Allegan county, State of Michigan, according to deed and abstract of said property; also all building on same and all stock and implements and personal property.

" And I further bequeath to my wife, Estella Hubbard, my beneficiary policy now held by me in' the Hotel Men's Mutual Benefit Association of Chicago, Ills.

" And I further bequeath to my honored mother, Margaret Hubbard, eight thousand dollars in cash ($8,000) to be paid to her by my executor hereinafter named within sixty days after my decease. The money is now in my safety box in the National Safety Co. vaults, Chicago. Lastly, I do nominate and appoint Monty Burke of Chicago, trustee of this will, and John Waughup the executor of this my last will and testament.

" In testimony whereof I, the said George N. Hubbard, have to this my last will and testament contained on this sheet of paper subscribing my name and affix my seal this 3rd day of Jan., 1895.        GEORGE N. HUBBARD.  [SEAL.]
" Witnesseth:
    " MARY E. MASTERS.        [SEAL.]
    " JESSIE MAY JENNINGS.    [SEAL.]

Estate of George N. Hubbard v. Hubbard.

"I further bequeath to my sister, Fannie M. McMillan, the sum of $10 (ten dollars) in cash, the money in my safety box in the National Safe Deposit Co. vaults, Chicago, Ills., within sixty days after my decease.

"I further bequeath to my beloved wife, Estella Hubbard, all money left in my safety box in National Safety Deposit Co. vaults, Chicago, Ill., after my funeral expenses and just debts are paid.

"Witnesseth:

"Within sixty days of my decease

GEO. N. HUBBARD.    [SEAL.]

MARY E. MASTERS.    [SEAL.]
JESSIE MAY JENNINGS.    [SEAL.]"

Mr. Hubbard had at the signing of the will $30,000 in the safety box mentioned by him.

HENRY C. NOYES, attorney for appellant.

WING & CHADBOURNE, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Evidence as to the circumstances of the testator at the making of the will was properly admitted, but testimony as to his declarations concerning his intentions and in what manner he wished to dispose of his property should not have been received. Lurie v. Radnitzer, 166 Ill. 609, 618; Hawhe v. Chicago & Western Indiana Ry. Co., 165 Ill. 561.

Whenever a condition is presented calling for the construction of a will, the polar star of direction is the intention of the testator. Effect is, if possible, to be given to the entire will, and the provisions of a codicil are to be so construed as to harmonize with the body of the will, if this can be fairly done. 1 Redfield on Wills, 4th Ed., 352, 363, paragraphs 13 and 34; 3d Am. and Eng. Ency. of Law, 294; 6th Am. and Eng. Ency. of Law, 2d Ed., 183.

It is urged that there was no cancellation of the bequest of $23,000 once written in the instrument and afterward erased.

The case of Wolf v. Ballinger, 62 Ill. 368, to which our

attention is called, is to the effect, only, that the erasure from a will by the testator, of the name of a devisee, and the interlineation of another name as a substitute, will not produce any change in the will as originally written; for the reason that a new devisee, the bequeathing of property to a party, can not be made save by an instrument witnessed as provided by statute; consequently, there not having been an acknowledgment of the bequest to the substituted party, such as the law requires, the contemplated devise to the new party fails, and the erasure is disregarded, because the intent manifested by the testator was to change the direction of his gift and not to have it fail or become undevised estate.    In Lurie v. Radnitzer, 166 Ill. 609, where a bequest in a will had been erased by the testator by the drawing of lines across the words comprising the devise the Supreme Court said:

" It must be conceded that the erased clauses are no more a part of the will than if they had been so completely erased that they could not be read or had never been inserted in the draft for such will."

The rule, generally, is that the entire will, or any provision therein, may be revoked by cancellation or obliteration as well as by tearing or burning.    29th Am. & Eng Ency. of Law, 276; Redfield on Wills, Vol. 1, 307, paragraphs 8, 9, 10; Bigelow v. Gillott, 123 Mass. 122.

In the present case, the will remaining in the custody of the testator and no question of alteration by another arising, if the erased lines had been so obliterated that no word of them could be read, it would hardly be contended that the remaining portions were of no effect; yet the intent to revoke the erased devise would be no more clear than it is now.

As is said in Thonlinson's Estate, 133 Penn. St. 245: How can we say that the testator did not intend to cancel this devise of $23,000, when as a matter of fact he did?

In the present case there is no claim that the erasure was made by any one save the testator.

It is perhaps unnecessary to discuss the motives actuating

the testator in making the erasure. Seemingly it worked no very material change unless the money in his box at the safety vaults was less than $23,000 plus $8,000 plus $10, plus the amount of funeral expenses and debts.

It may be that the testator, as time ran on, feared that this would be the case; and wishing to give his mother $8,000, changed his will so that the residuum only of the money at the deposit company should go to his wife.

The evidence as to a gift *inter vivos* of $20,000 to Mrs. Hubbard is not sufficient to establish it.

The decree of the Circuit Court is affirmed.