Covey v. Dinsmoor.

Florence A. Covey et al. v. Angie G. Dinsmoor et al.

Gen. No. 4,638.

1. LAST WILL AND TESTAMENT—*how to be construed.* The main object in the construction of a will is to ascertain the intention of the testator as expressed in the instrument, and that intention must prevail unless it is inconsistent with the rules of law. No

clause should be disregarded, but each must be considered with the other provisions.

2. LAST WILL AND TESTAMENT—*effect of devise of land subject to contract of sale.* A will which devises land subject to a contract of sale, likewise bequeaths unpaid notes given under such contract held by the testator at the time of his death.

Bill in chancery. Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

STAGER & STAGER, for appellants.

C. L. & C. E. SHELDON, for appellee, Angie G. Dinsmoor.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a bill in chancery filed by appellant against appellee Angie G. Dinsmoor and others, in the Circuit Court of Whiteside county for the purpose of having the court construe the following clause in the will of James Dinsmoor, deceased: ''And I do further give and bequeath to my said wife the southwest quarter of section 6 in town 21, north, in range 7, east of the 4th P. M., in the County of Whiteside and State of Illinois, and the north half of the southwest quarter of the southeast quarter of said section, township and range together with the east half of the southeast quarter of section 1 in township 21, in range 6 east of the 4th P. M., all of which parcels of real estate are situated in the County of Whiteside and State of Illinois, and are subject to my contract of sale to George M. Cassens, now living on said premises under and by virtue of my said agreement with him, to have and to hold the same to her, my said wife, her heirs and assigns forever.''

The testator for many years had been a lawyer in Whiteside county, living on a farm four miles from the

city of Sterling where he had an office and practiced his profession. By a first marriage he had three children, Alice Dinsmoor, Jarvis Dinsmoor and Florence A. Covey, intermarried with James F. Covey. He married the appellee, Angie G. Dinsmoor, October 1, 1896, but had no children by her. On the 4th day of September, 1901, he made a contract for the sale to George M. Cassens of the land devised to his wife under the clause of the will sought to be construed. On May 1, 1902, he moved to Lowell, Massachusetts, and on August 16, 1902, he executed his will and a codicil on May 21, 1903, and died August 24, 1903. D. N. Foster of Sterling was appointed executor by the will and qualified. The will, after providing for the payment of debts and making certain specific bequests, made a residuary bequest of all the residue of the estate to his daughter Florence A. Covey, and his son-in-law, James F. Covey, appellants, in trust for his children. At the time of the death of the testator there remained unpaid on the principal of the purchase money $17,826, for $2,961 of which testator held four notes maturing March 1, 1905, 1906, 1907 and 1908, respectively, and also four notes for interest on the principal notes and contract amounting to $3,470, executed by George M. Cassens, and the contract for the further principal sum of $14,865 for which a mortgage was to be given when the last of the notes should be paid, March 1, 1908, and a deed executed conveying the premises to Cassens.

The bill prayed that appellants, as trustees, be decreed to be entitled to said eight notes and said agreement, and that said executor be decreed to deliver them up to appellants. Answers were filed, and issue being joined and after hearing the evidence, the Circuit Court decreed that said section of the will in controversy should be interpreted to vest in Angie G. Dinsmoor the title to the Cassens' notes described in the contract of September 4, 1901, that were held by said Dinsmoor at the time of his death, and all moneys col-

lected by said executor on account of said notes, and also to the said contract between the said Dinsmoor and wife and the said Cassens.

The errors assigned by appellants are, that the court erred in decreeing that the will be interpreted to vest the said eight notes and all moneys collected on them by the executor in Angie G. Dinsmoor, and in not decreeing the same to belong to appellants. No error is assigned as to the decree concerning the contract, except as to the notes.

The controversy is, did the testator by the devise of the land to his wife, Angie G. Dinsmoor, carry with it a gift of the notes that had been taken by the testator on the contract, or are the notes included in the residuary estate and to go to the trustees? Very able and comprehensive briefs and arguments have been filed on both sides, but in the view we take of the case the question argued is not an open one in this state. The case of Heirs of Wright v. Minshall, 72 Ill. 584, is conclusive of the question under consideration. In that case the testator, before making his will, had contracted to sell his lands in Clay county and executed a bond for a deed and received the notes of the purchaser, which were unpaid at the time of his death, and by his will devised all his real estate, lands and appurtenances in Clay county to his sister, Elizabeth Minshall. There was no bequest of the personal estate, nor any residuary bequest, and in a contest over the proceeds of the notes between the heirs at law and the devisee of the land the court said: "These proceeds were the proceeds of the real estate, all which had been devised to Elizabeth Minshall subsequent to the contract of sale. They are plain, direct and positive. At the time the will was made the testator held the legal title to this land, and was to all intents and purposes the legal owner of it, and had full power to devise it. Suppose the party who had agreed to purchase it had failed to perform his contract, or the contract had been re-

scinded, it will not be pretended the land would have
gone to the heirs at law. It would have been con-
trolled by the will. By that the legal title was devised
to appellee, and there can be no question she is right-
fully entitled to the proceeds of this legal title when
sold and conveyed, and this manifestly was the inten-
tion of the testator. His intention was to devise to ap-
pellee such interest as he had in or to arise from the
land, and that was the purchase money, and, though
described in the will as land, the devise passed the
purchase money.'' The same rule was held in Woods
v. Moore, 4 Sanford (N. Y.), 579; Atwood v. Weems,
99 U. S. 183; Heslet v. Heslet, 8 Ill. App. 22, and in
Wall v. Bright, 1 J. & W. 479, a decision in the time of
Lord Chancellor Eldon, subsequent to the case of
Knollys v. Shepard (not reported) relied upon by ap-
pellants.

The intention of the testator at the time he drew the
will, gathered from the reading of the will in view of
his possessions and surroundings at that time, also
leads to the conclusion that he intended the notes to fol-
low the devise of the land.

The main object in the construction of a will is to as-
certain the intention of the testator as expressed in the
instrument, and that intention must prevail, unless it is
inconsistent with the rules of law. No clause in the
will should be disregarded, but each must be consid-
ered with the other provisions. Re Cashman Estate,
138 Ill. 88; Kelly v. Gonce, 49 Ill. App. 82. The inten-
tion of the testator is to be sought for and found in the
provisions of his will, taking into consideration all its
parts, not by considering portions of the will, but by
an examination of the entire will, and giving the lan-
guage the sense in which it was used by him (Phayer
v. Kennedy, 169 Ill. 360; Howe v. Hodge, 152 Ill. 252;
Ebly v. Adams, 135 Ill. 80; Eldred v. Meek, 183 Ill. 26);
and the court will hear evidence of the testator's cir-
cumstances at the time of executing the will and look at

the state of the property in order to learn his intention. Fisher v. Fairbank, 188 Ill. 187; Greenwood v. Greenwood, 178 Ill. 387; Ingraham v. Ingraham, 169 Ill. 432; Hubbard v. Hubbard, 99 Ill. App. 555.

Dinsmoor, the testator, left an estate of over $80,000, and if Mrs. Dinsmoor takes the Cassens' notes under the devise of the land she takes substantially one-half the estate, and the appellants take, as trustees for the children, the other half.

The evidence shows that the will was written by the testator himself, admitted to probate in Middlesex county, Massachusetts, and a certified copy filed in Whiteside county, Illinois.

In the will, after making the various devises and bequests, including the residuary bequest, the following language is used: "And to the end that my executor may know what other estate I have, I proceed to name some." The testator had already specifically devised and given to his wife some twelve items varying in value from $1 to $5,000, not including the land sold to Cassens or the Cassens' notes and contract. He then proceeds, after declaring the trust, to enumerate substantially every item of any value he was possessed of when the will was made that had not been specifically disposed of, except the Cassens' notes and contract which are not mentioned, except as the contract is mentioned in connection with the land devised to Mrs. Dinsmoor. The Cassens' notes amount to over $6,000 and being the fourth largest item in the estate, the testator would have enumerated them had he not intended to dispose of them in the devise of the land. If the testator did not intend by the devise of the land to give Angie G. Dinsmoor the Cassens' notes and contract, then the devise to her was but a shadow, while appellants would take the entire substance. When all "within the four corners of the will" is examined in the light of his possessions at the time of making the will a reasonable interpretation would require that the devise of

the land would give both the legal and beneficial interest the testator had therein to the devisee of the land. The Minshall case is ample authority for the same construction.

The Circuit Court properly construed the will as giving Angie G. Dinsmoor the notes by the devise of the land, and the decree will be affirmed.

*Affirmed.*