WILLIAM B. ADAMS

*v.*

THE PEABODY COAL COMPANY *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 6, 1907.*

1. CONTRACTS—*distinction between an offer to sell and an option.* An offer to sell land at a certain price and an agreement for valuable consideration to keep such offer open for a specified time constitute an option, which may not be withdrawn during the specified time, and is distinct from a mere offer to sell, which may be withdrawn at any time before acceptance.

2. SAME—*seal imports consideration—inadequacy.* A contract under seal imports consideration; but inadequacy of consideration is not, of itself, ground for impeaching a contract in a court of equity.

3. SAME—*acceptance of option within time fixed makes binding contract.* Where a person holding an option signifies his acceptance within the time specified and upon the terms stated, the contract becomes mutual and capable of enforcement at the instance of either party.

4. SAME—*when option contract may be enforced against estate.* Where a contract giving an option provides that the obligations of the agreement shall extend to and be binding upon the successors, heirs, executors, administrators and assigns of the parties, respec-

tively, the option, if accepted by an assignee of the party to whom it was given, within the time specified, may be enforced against the heirs, devisees, legatees and personal representative of the party who gave the option.

5. WILLS—*when proceeds of a sale must be treated as real estate*—*conversion.* Where a contract giving an option upon coal and minerals underlying land is accepted after the death of the party making the offer, the purchase money should be treated as real estate and not as personal property under the doctrine of equitable conversion, where it is clear from the will of the deceased owner that he regarded the coal and mineral rights covered by the contract as real estate. (*Covey* v. *Dinsmoor,* 226 Ill. 438, followed.)

APPEAL from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding.

This was a bill brought by the Peabody Coal Company against William B. Adams, Marcella Adams, executrix of Gavin R. Adams, and others, in the circuit court of Christian county, for the specific performance of a written option, under seal, entered into between Francis S. Peabody and Gavin R. Adams December 29, 1904, the option providing, among other things, that in consideration of one dollar and other valuable consideration in hand paid, said Adams gives and grants to said Peabody, his legal representatives and assigns, "the right, at his or their option, to demand and receive, upon payment of the further sum of $15 per acre, in cash, at any time within nine months from the date hereof, a conveyance to said Francis S. Peabody, his nominee, assigns or successors in interest, by warranty deed, of good title in fee simple to all the coal and other minerals underlying the following described premises," describing the 233¼ acres in question, and also provided that "all rights and obligations created by this agreement shall extend to and be binding upon the successors, heirs, executors, administrators and assigns of the parties, respectively." This agreement was assigned by Francis S. Peabody to the Peabody Coal Company January 5, 1905.

Gavin R. Adams died August 18, 1905. By his will, executed October 15, 1904, after directing that all his just debts be paid, he bequeathed to a step-daughter, Mrs. Maude Smith, a legacy of $1000, making such legacy a charge upon the real estate that he should own at the time of his decease. The will further provides:

"*Third*—If my wife, Marcella Adams, shall survive my decease, I give and devise to her, subject to the said charge or lien of $1000, all the real estate that I shall own at my decease, to have and to hold for and during her natural life only, and not in fee; and I give and bequeath to her, absolutely, all the residue of the personal property that I shall own at my decease. * * *

"*Fourth*—Subject to the life estate above given to my wife if she survives my decease, I give and devise to my daughter, Elsie Mabel Adams, all the real estate that I shall own at my decease, subject to said charge of $1000, to have and to hold for and during her natural life only, and not in fee. The estate in remainder I give and devise to the heirs of her body to be born who shall survive her decease. Failing such heir or heirs of her body surviving her decease, then and in that event I give and devise said estate in remainder to such of my own brothers and sisters, and my step-children, Walter B. Tyler and Maude Smith, who shall survive the decease of my daughter, Elsie Mabel Adams, share and share alike."

The will appoints the wife executrix, without bond.

September 28, 1905, the Peabody Coal Company gave notice, directed to said G. R. Adams, of its election to acquire title to the coal and minerals underlying the premises in question, and requesting that an abstract be furnished for examination, and stating its readiness, upon good title being shown, to carry out the provisions of the contract. Marcella Adams, executrix, accepted service of the notice and furnished the abstract of title. After some corrections were made in the title the Peabody Coal Company filed this

bill setting up the foregoing state of facts and petitioning the court for specific performance of the contract, alleging that said Marcella Adams, as executrix, could not, without an order of court, convey said property. The bill made Marcella Adams a party in her own right and as executrix, and also named as parties Elsie Mabel Adams, William B. Adams and all the other living devisees and legatees under the will. After the defendants were duly brought into court Marcella Adams filed her separate answer, admitting substantially the allegations of the bill. Joint and several answers were filed by appellant and the other brothers and sisters of the testator, admitting the making of the contract but denying that the Peabody Coal Company had a legal right to exercise its option after the death of said Adams, and averring that upon his death said optional contract became null and void; further averring that if the Peabody Coal Company had a right to accept the option after the death of Adams, then, as the conversion of real estate into personal property would take place after the testator's death, the court, by its decree, should consider the proceeds as real estate and direct that it be disposed of the same as the real estate of the testator.

The decree of the circuit court sustained the bill, directing that upon payment by appellee to Marcella Adams of $3500 she should, as executrix and commissioner for that purpose appointed, execute and deliver a deed in accordance with the contract, and that "upon the election to purchase, under said option and contract, by said Francis S. Peabody or his assigns, such purchaser became, from the date of said option contract, the equitable owner of said coal and other mineral, together with the rights and privileges specified in said contract, and entitled to a legal conveyance of the same upon making the payment therefor specified in said contract, and the said executrix, as such, became the equitable owner of said purchase money; that said purchase money is personal estate and passes as such under the said will." An

appeal was thereupon prayed to this court by William B. Adams.

FRANK P. DRENNAN, for appellant.

PROVINE & PROVINE, (ARTHUR W. UNDERWOOD, of counsel,) for appellee the coal company.

HOGAN & WALLACE, for appellee Marcella Adams.

Mr. JUSTICE CARTER delivered the opinion of the court:

The writing in this case was more than an offer, and the consideration was sufficient to support it as a valid and binding contract. It is important to distinguish clearly between an offer to sell something, which offer may or may not become a completed contract by acceptance in the future, and a contract to leave that offer open for a time, which, if accepted, becomes at once an executed contract. Only the last is an option. An option is a continuing offer, which the offerer may not withdraw until the expiration of the time limited. (21 Am. & Eng. Ency. of Law,—2d ed.— pp. 925, 926.) The parties agreeing "to sell an option to buy for the sum of one dollar, there is no reason why such an express consideration is not an adequate one." (*Guyer* v. *Warren*, 175 Ill. 328.) Where the contract is under seal, consideration is imported. (*Hayes* v. *O'Brien*, 149 Ill. 403; *Forthman* v. *Deters*, 206 id. 159.) Inadequacy of consideration is, of itself, no ground for impeaching a contract in a court of equity. 1 Chitty on Contracts, (14th Am. ed.) p. 30; *Lawrence* v. *McCalmont*, 2 How. (43 U. S.) 426; *Waterman* v. *Waterman*, 27 Fed. Rep. 827.

While it was formerly held, with some degree of strictness, that the want of mutuality would render a contract for the sale of land incapable of specific enforcement, the doctrine of the earlier cases upon this subject has been consid-

erably modified. "Where the party holding an option signifies his acceptance within the time limited and upon the terms stated, the obligation of the contract becomes mutual and capable of enforcement at the instance of either party." *Guyer* v. *Warren, supra;* see, also, *Seyferth* v. *Groves and Sand Ridge Railroad Co.* 217 Ill. 483; *Carter* v. *Love,* 206 id. 310; *Estes* v. *Furlong,* 59 id. 298.

The Peabody Coal Company, being the assignee of Francis S. Peabody, had the same rights as Peabody. (*Perkins* v. *Hadsell,* 50 Ill. 216.) Under these authorities it is clear that this option could have been specifically enforced against Gavin R. Adams during his lifetime, and as the option specifically states that "all rights and obligations created by this agreement shall extend to and be binding upon the successors, heirs, executors, administrators and assigns of the parties," it seems equally clear that it is binding upon the heirs, devisees and legatees. 21 Am. & Eng. Ency. of Law, (2d ed.) p. 925; *Duncan* v. *Wickliffe,* 4 Scam. 452; *Estate of Rapp* v. *Phœnix Ins. Co.* 113 Ill. 390; *Fuller* v. *Bradley,* 160 id. 51; Fry on Specific Performance, (3d ed.) sec. 57.

Counsel for appellant does not seem seriously to question the right of the court to enforce this contract against the heirs and devisees of said Gavin R. Adams, but he does insist that the chancellor incorrectly held that upon the execution of the contract and the conveyance of the fee simple title to the coal land in question by testator's representative, the purchase money, when the same was paid over, was personal property. Appellant insists that this purchase money when paid over should be considered as real estate, and be held to pass, under the third and fourth clauses of the will, as real estate. While numerous authorities touching this question from other jurisdictions have been cited, all counsel state in their briefs that this court has never decided the particular question involved in this case. In the recent case of *Covey* v. *Dinsmoor,* 226 Ill. 438, the principles of law here involved were fully considered and the case

is decisive of the question now under discussion. It would serve no useful purpose to repeat at length the reasoning of that decision. The doctrine of equitable conversion depending upon the principle that a court of equity looks upon that as done which the parties to an agreement have contracted to be done should not apply in cases of this kind, as it would result in defeating the intention of the testator, which is the paramount rule of construction as to wills. (*Bradsby* v. *Wallace*, 202 Ill. 239.) Manifestly, the testator in this will considered these mineral and coal rights covered by the optional contract as real estate. We recognize, as we did in *Covey* v. *Dinsmoor, supra,* that there are authorities which hold that in contracts of sale upon the purchaser's option, the moment such option is exercised a conversion, as between the parties claiming title under the vendor, relates back to the time of the execution of the contract. But these authorities are not in harmony with the decisions of this court. We are fully satisfied with the rule stated in *Covey* v. *Dinsmoor, supra,* and adhere to it in this case. The holding of the chancellor that the executrix was the equitable owner of the purchase money, "and that said purchase money is personal estate and passes as such under the said will," cannot be upheld.

That portion of the decree directing the execution and delivery of the deed by the executrix in accordance with the contract, on the payment of the purchase money, will be sustained, and that portion of the decree which found that such purchase money was personal estate and passed as such under the will must be reversed, with directions for further proceedings in harmony with the views herein expressed.

*Reversed in part and remanded, with directions.*