*In re* ESTATE OF J. WARD BLOOMER, Deceased—(GWENDOLYN C. DODGE *et al.,* Plaintiffs-Appellants, *v.* EDWARD KRAMM, Exr. of the Estate of J. WARD BLOOMER, Deceased, Defendant-Appellee.)

(No. 72-54; )

Third District—May 26, 1972.

Joseph R. Rosborough, of Moline, for appellants.

Walter D. Braud, of Rock Island, and James C. Allen, of Aledo, both for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

J. Ward Bloomer of Mercer County, Illinois, died January 23, 1967, and his will was admitted to probate February 21, 1967.

The will contained a specific devise of three parcels of real estate to Vaughn A. Dodge and another specific devise of two parcels of real estate to Gwendolyn C. Dodge.

After the will was executed, the testator entered into an executory contract for deed agreeing upon performance by the vendee to convey one of the parcels devised to Vaughn Dodge.

Also, after the will was executed the testator entered into the same type of agreement with another vendee agreeing to convey one of the parcels devised to Gwendolyn A. Dodge. Both contracts were in default at the time of testator's death. The executor cancelled the contracts and entered into new ones.

Vaughn A. Dodge and Gwendolyn C. Dodge, the specific devisees, filed a petition to determine their respective rights. The trial court found that the specific devises were adeemed and that the proceeds collected by the executor were to be distributed under the residuary clause of the will.

From the ruling, petitioners have taken this appeal and ask for a reversal.

The issue presented on appeal is whether if the testator, *after making his will*, makes a contract for the sale of property specifically devised therein, and any part of the contract remains executory at his death, the disposition of the property by the contract shall not revoke the devise but the property shall pass to the devisee subject to the contract.

Section 46a of the Probate Act, ch. 3, Illinois Rev. Stats. Sec. 46a, which now provides for the exact situation, was adopted July 26, 1967, about six months after the testator's death.

In 2 James Ill. Probate Law, Sec. 43.90 the author says, "Where the vendor dies testate devising the land, the devisee is entitled to the purchase money in the absence of a contrary intent, and is entitled to the realty on failure of the vendee to pay the purchase price".

In 3A Horner, Probate Practice and Estates, Sec. 2261 it is said, "* * * if he dies testate devising the land, the devisee is entitled to the purchase money in the absence of a contrary intent, for the devise to him indicates the intent of the testator that the devisee shall take the benefit of the contract." Adams' Eq. 140; Storey's Eq. (14th Ed.) Sec. 1096; Pomeroy's Eq. (5th Ed.) Sec. 368; *Strong v. Lord*, 107 Ill. 25; *Fuller v. Bradley*, 160 Ill. 51; *Covey v. Dinsmoor*, 226 Ill. 438, Affy 129 Ill.App. 49; *Adams v. Peabody Coal Co.*, 230 Ill. 469; *Heirs of Wright v. Minshall*, 72 Ill. 584; *First Trust and Savings Bank v. Olson*, 353 Ill. 206, 213.

"Where the testator has merely entered into an executory contract for the sale of land, it has been held, in accordance with general rules with

respect to the effect of executory contract to work an ademption, that the testamentary provision is not adeemed thereby." 96 C.J.S. Wills, Sec. 1177.

At common law an executory contract to sell real estate revoked a specific devise of the property in a previously executed will under the doctrine of equitable conversion. (95 C.J.S. Wills, Sec. 294d.) While Illinois is a common law State and might have been expected to follow the common law it has not done so. In *Adams v. Peabody Coal Co.*, 230 Ill. 469, the court said, "The doctrine of equitable conversion * * * should not apply in cases of this kind, as it would result in defeating the intention of the testator, which is the paramount rule of construction as to wills".

Austin Fleming in his recent Comment to Sec. 46a, James, *supra,* says in referring to *Adams v. Peabody,* "While the court held that the specific devisee was entitled to the proceeds of the contract * * *, the holding was based on *Covey v. Dinsmoor* where the devise was made subject to the contract, with no discussion of important factual differences and without comment on the ademption question".

*Adams v. Peabody* was decided in 1907, since that time the eminent text writers above cited, accepted it to be the law without criticism at least until after it was codified by the addition of Sec. 46a of the Probate Act. We believe that the law as declared in *Adams v. Peabody* should stand.

The judgment of the Circuit Court of Mercer County will therefore be reversed.

Judgment reversed.

STOUDER, P. J., and SCOTT, J., concur.