*In re* ESTATE OF LILAH J. KROTZSCH, Deceased—(STELLA M. PARSELL, Ex'r, Petitioner-Counterdefendant-Appellee, *v.* RUTH PARSELL SIBERT *et al.*, Respondents-Counterplaintiffs-Appellants.)

(No. 11930;

Fourth District—April 18, 1974.

*Rehearing denied May 7, 1974.*

George R. Schwarz, of Schwarz & Self, of Jerseyville, and Jack E. Horsley and Richard Record, Jr., of Craig and Craig, of Mattoon, for appellants.

Earl R. Bice and Daniel J. Greer, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Lilah Krotzsch executed her will on August 11, 1964, devising 240 acres to her sister, Stella Parsell, for life, with remainder in nephews and a niece who are respondents here. On April 7, 1966, testator entered into a contract to sell such land to parties here designated Kramer. The testator died on December 25, 1968, and the will was admitted to probate in January, 1969.

The trial court held that the final payment on the contract should be made to the petitioner and executor, Stella Parsell, and thereafter be distributed through the probate court to Stella Parsell, individually. The trial court granted authority to the executor to execute a deed to the purchasers and determined that the respondent remaindermen were not entitled to the proceeds of the contract for sale. He also denied respondent's counterclaim for construction of the will.

Other than the provision at issue, the will bequeathed all personal estate to Stella Parsell, and in a residuary clause devise and bequeathed all personal and real estate to her. The inventory discloses that the testator owned a residence.

The contract for sale to Kramer provided for payment in annual installments with the final payment to be made in the fifth year, but that if the testator should die before the fifth year, Kramer could accelerate payment of any balance due. The contract provided that Kramer should have possession and receive the income, pay taxes and keep the improvements in repair and insured. The contract was stated to be binding upon the heirs, executors, administrators and assigns, and provided that if the testator died before final payment, such final payment should be made to petitioner, Stella Parsell, or if she shall not be living, to the estate of the testator.

In a letter opinion, the trial court determined that the contract was as

effective in defeating the devise at issue as if she had conveyed the real estate and had received the full purchase price during her lifetime.

Section 46a of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 46a) was not in effect either at the time of the execution of the will or the making of the contract. Such statute provides that if a testator after executing a will specifically devising the real estate makes a contract which remains executory at his death, the contractual disposition of the property shall not revoke the devise, but that the property shall pass to the devisee subject to the contract. The statute is not applicable to these facts for constitutional reasons.

■■ The effect of the contract provision in this case is to work an ademption of the devise in the will. The court, in *Brady v. Paine*, 391 Ill. 596, 600-601, 63 N.E.2d 721, defined ademption as follows:

"Ademption of a specific legacy or devise is the extinction, alienation, withdrawal or satisfaction of the legacy or devise by some act of the testator by which an intention to revoke is indicated; the doing of some act with regard to the subject matter of the devise which interferes with the operation of the will. It signifies an alteration in the subject matter of the legacy or devise."

The recent opinion in *In re Estate of Bloomer*, 5 Ill.App.3d 533, 283 N.E.2d 523, under substantially similar circumstances, held that the unpaid proceeds should go to the devisees following the rule stated in *Adams v. Peabody Coal Co.*, 230 Ill. 469, 82 N.E. 645. The opinion cites eminent texts, including 2 James, Illinois Probate Law And Practice, ch. 41, par. 43.90, p. 176:

"Where the vendor dies testate devising the land, the devisee is entitled to the purchase money in the absence of a contrary intent, and is entitled to the realty on failure of the vendee to pay the purchase price."

The texts cite as authority *Covey v. Dinsmoor*, 226 Ill. 438, 80 N.E. 998; *Adams v. Peabody Coal Co.*, 230 Ill. 469, 82 N.E. 645; *Heirs of Wright v. Minshall*, 72 Ill. 584, and *First Trust & Savings Bank v. Olson* 353 Ill. 206, 187 N.E. 282. In *Covey and Minshall*, the contract for sale had been executed prior to the time the will was made and the devise was "subject to the contract". The court concluded that in such instances there was no question but that it was intended that the devisee take the proceeds. Also in *Olson*, the contract for sale was outstanding when the will was executed, and the court said that there was an intent that when paid the purchase money should go to the devisee. To the same effect is *Beemer v. Beemer*, 252 Ill. 452, 96 N.E. 1058.

In *Adams v. Peabody Coal Co.*, a will was executed devising real

estate. The testator subsequently gave an option for mineral rights and the option was exercised after testator's death. The issue raised was whether the option proceeds should go to the devisees or pass to the personal representative. We note that the devise remained operative for all purposes except the mineral rights. That court, citing *Covey* and *Minshall,* determined that the testator considered the mineral rights as real estate and that the doctrine of equitable conversion should not defeat his intention.

In *In re Estate of McDonough,* 113 Ill.App.2d 437, 251 N.E.2d 405, the court held that the proceeds from an executory contract for the sale of real estate passed as personal property to the residuary legatee. The contract had been made and a warranty deed placed in escrow prior to the execution of the will. The devise was of all land received from testator's husband "and owned by me at the time of my death". Other real estate, as well as that under contract, passed by such devise. The opinion examined both the doctrine of equitable conversion and the intention of the testator as expressed in her will, and the court concluded that if there was an equitable conversion it was as of the date of the contract made prior to the execution of the will. In examining the testator's intent, the court noted that the incidents of ownership were transferred as of the date of the contract, that the devise was of land owned at her death and that the devise would function as to other lands under contract. The court could find no intent in the will that the proceeds of the executory contracts should pass to the devisees.

In *Brady v. Paine,* 391 Ill. 596, 63 N.E.2d 721, it is said:

> "The rule is well settled that if the testator, in his lifetime, disposes of property specifically devised by him, this will operate as a revocation of the devise."

In this case, the testator entered into a contract for sale of real estate which transferred substantial incidents of ownership as of the date of sale, including the right to income. The contract was specifically enforceable and by its terms was binding as to heirs, executors and administrators. The effect of the contract was the extinction or withdrawal of all of the interests devised in the land. (2 James, Illinois Probate Law And Practice, ch. 40, par. 43.88, p. 170.) The testator realized such effect in that she provided that if she did not survive the final payment should be made to Stella Parsell, and if the latter did not survive the date of payment, it should be made to testator's estate.

■■ Upon such facts the contract for sale was such a disposition of the devised property as to withdraw the devise from the will, and the proceeds when paid are properly treated as personalty in administering the will.

██ The respondents urged that the contract of sale does not meet the statutory requirements for revocation of a will. The conveyance of the subject matter of a specific devise is not truly a revocation of a will, but merely the withdrawal from the operation of the will of that which was theretofore devised. *Gartin v. Gartin*, 371 Ill. 418, 21 N.E.2d 289.

The judgment of the circuit court is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.