SUSAN McD. WHITE v. JOHN C. GREENWAY et al., Appellants.

Division Two, June 5, 1924.

1. **FOREIGN WILL:** Construction: By Law of Situs. A will by a non-resident testator which devises land in this State must take effect and be interpreted according to the laws of this State. And the fact that it was admitted to probate and appears to be valid according to the laws of the State in which it was made and wherein testator died, does not prevent a contest in this State or determine its validity here. And a foreign will might be sufficient to pass title to personal property, and invalid as affecting real estate in this State.

2. ————: **No Subscribing Witnesses.** The statute (Sec. 507, R. S. 1919) requires every will to be in writing and to be attested by two or more competent witnesses; and a holographic foreign will having no subscribing witnesses, although valid according to the law of the state in which the testator died, does not affect the title to real estate in this State, because not "executed according to the laws of this State," as the statute (Sec. 537, R. S. 1919) requires.

3. ————: ————: **Conflicting Statutes.** A repeal by implication must be by necessary implication, and a later act which makes no reference to an existing statute does not repeal the existing statute unless the two are irreconcilably inconsistent, and the two are not in irreconcilable conflict if the later act may reasonably be considered as merely affirmative, or cumulative, or auxiliary to the former. Section 537, Revised Statutes 1919, provides that any person owning real estate in this State may devise the same by last will "executed and admitted to probate according to the laws of this State," and Section 253 provides that if the testator was at the time of his death an inhabitant of another state his real estate shall be disposed of according to his last will "duly executed according to the laws of this State," and under that section such

a will would have to be probated *de novo* in this State, Section 237 supplying an omission from Section 253. Section 540, enacted in 1919 and a later enactment than these other two sections, provides that "any will admitted to probate in any state," together "with the order admitting the same to probate therein," if certified according to the Act of Congress, "shall be admitted to probate in this State in any county where real estate is affected thereby, or filed in the office of the Recorder of Deeds in such county." *Held*, that the later and earlier sections, in so far as they affect real estate, are not in conflict, since said Section 540 says nothing about the method of executing a will, and only provides for its admission to probate here without further proof if executed according to the laws of this State, and as thus considered effect can be given to every word in the three sections.

4. ———: ———: ———: **Section 540.** Section 540, Revised Statutes 1919, simply provides that where a foreign will has been probated in another state, and a certified copy of it and the order probating it is filed in this State, further proof is dispensed with; it does not declare that a will which has not been executed according to the laws of this State (which, for instance, was not attested by subscribing witnesses), when so probated, certified and recorded, is a valid devise of real estate, and said section therefore does not conflict with the existing sections requiring that real estate may be devised by a last will "executed and admitted to probate according to the laws of this State."

5. ———: ———: **Sections 237 and 253: Personal Property and Real Estate.** Section 237, Revised Statutes 1919, is not exactly in accord with Section 253, because it requires a will to be executed according to the laws of this State in order to affect personal property as well as real estate, but it was enacted in 1917, and is an enabling statute, and may be reconciled with existing Section 253, because it does not exclude the validity of a foreign will to pass personal property of the testator in this State although not executed according to the laws of this State.

---

Headnotes 1, 2, 4 and 5: Wills, 40 Cyc. 1384. Headnote 3: Statutes, 36 Cyc. 1074; Wills, 40 Cyc. 1384.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall*, Judge.

AFFIRMED.

*McCune, Caldwell & Downing* for appellants.

(1)   The writing offered in evidence having been admitted to probate in Kentucky where the testator was domiciled at the time of her death must be admitted to probate in any county in this State where real estate is affected thereby, under the provisions of Section 540, Revised Statutes 1919, upon presentation of the will so admitted to probate by the Kentucky court, together with the order admitting the same to probate, certified according to the Act of Congress.   (2)   The construction of Section 540 herein contended for is in harmony with the legislation in this State with reference to the admission to probate of wills executed in accordance with the laws of other states or territories.   Schulenberg v. Campbell, 14 Mo. 492; 2 R. S. 1825, p. 729, sec. 11.   (3) Section 540 provides that a will admitted to probate in another state, with the order admitting the same to probate therein, properly authenticated, shall be admitted to probate in this State in any county where real estate is affected thereby.   The judgment of a court of this State admitting a will to probate is a judicial act, binding upon all the world until set aside in the manner provided by law.   Section 540, therefore, in providing that the writing in question shall be admitted to probate in this State, requires the probate court to admit the same to probate and to make a finding that such will is the last will and testament of the testator.   Such a judgment establishes the validity of the will in Missouri and makes it effective to transfer title to real estate in Missouri.   Cohen v. Herbert, 205 Mo. 551; Stephens v. Oliver, 200 Mo. 514.   (4)   The construction thus sought to be placed upon Section 540 is in harmony with the decisions from courts of other states construing similar statutes. Alexander's Commentaries on Wills, sec. 281; In re Gertsen, 127 Wis. 602; Lyon v. Ogden, 85 Me. 374; Green v. Alden, 92 Me. 177; Appeal of Murdock, 81 Conn. 681; Estate of Clark, 148 Cal. 118; State v. District Court, 34 Mont. 96; Amrine v. Hamer, 240 Ill. 572; Martin v. Martin, 70 Neb. 207; Barnes v. Brownlee, 97 Kan. 517.

*John D. Wendorff* and *David Irvine* for respondent.

(1)   It is admitted by proponents that said writing does not affect real estate in Missouri unless it can be made to do so by Sec. 540, R. S. 1919, and it is conceded that said section does not contain any provisions which in express terms makes said writing "affect real estate" in Missouri as a will, and that said writing can only be made to "affect real estate" in Missouri by the court interpolating into Section 540, in construing it, such provisions and giving them such effect as would make any writing, regardless of how it is executed or whether executed at all, "affect real estate" in Missouri.   To so construe said Section 540 would be to repeal Secs. 253, 505, 506, 507, 535, R. S. 1919.   (2)   This alleged will is not entitled to probate in Missouri for the reason that it was not executed according to the laws of Missouri, and therefore real estate in Missouri is not affected by said alleged will.   Secs. 506, 507, 253, R. S. 1919; Dobschutz v. Dobschutz, 213 S. W. 844; Bell v. Smith, 271 Mo. 619; Hughes v. Winkleman, 243 Mo. 81, 92; Keith v. Johnson, 97 Mo. 228; Lindsay v. Shauer, 236 S. W. 324; Nook v. Zuck, 233 S. W. 233.

WHITE, J.—This suit is brought to contest the will of Elizabeth S. Irvine who died in Madison County, Kentucky, November 25, 1920.   The plaintiff is one of the heirs of the deceased, and the defendants are legatees and executors of her alleged last will.

Elizabeth S. Irvine, at the time of her death, owned certain real estate in Kansas City, Missouri, the bulk of which was left by her to endow a certain hospital in Kentucky, for which she provided in her will.

The will was holographic, without witnesses, and signed by the testatrix.   It was admitted to probate in Madison County, Kentucky, and appears to have been a valid will according to the laws of Kentucky.

The trial court held the paper was not the will of Elizabeth S. Irvine.   The defendants appealed.

I.   The rule is universal that title to land can be acquired only according to *lex rei sitae,* and a will by a non-resident testator devising land in this State must take effect and be interpreted according to the laws of this State. [Keith v. Keith, 97 Mo. 223; Hughes v. Winkleman, 243 Mo. l. c. 92; Dobschutz v. Dobschutz, 279 Mo. l. c. 123.]

*Foreign Will.*

The will under consideration might be sufficient to pass title to personal property situate here, and yet not be valid as affecting real estate in Missouri. [Sec. 253, R. S. 1919.] In such case the contest would naturally fail. However, this suit was tried on the theory that if the will is ineffective so far as the real estate is concerned it is no will. The appellant states that the sole question in determining the validity of the will is whether it is sufficient to pass the title to the real estate in Jackson County. So the question of will or no will in the case, as tried and as presented here, turns upon the question of whether it transfers title to real estate in Missouri.

II.   The statutes of this State affecting the question under consideration which are inserted for convenience in their numerical order as they appear in Revised Statutes 1919, are as follows:

*Execution and Probate.*

"Sec. 253.  When administration shall be taken in this State on the estate of any person, who at the time of his decease was an inhabitant of any other state or country, his real estate found here, after the payment of his debts, shall be disposed of according to his last will, if he left any, duly executed according to the laws of this State, and his personal estate according to his last will, if he left any, duly executed according to the laws of his domicile."

Section 505 provides that every male person over twenty-one years of age may by last will devise his real estate and personal property.

Section 506 provides that any woman married or unmarried of eighteen years or upward may devise her land, etc.

Section 507 is as follows:

"Sec. 507. *Will to be in writing, how signed and how attested.*—Every will shall be in writing, signed by the testator, or by some person by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator."

"Sec. 537. Any person owning any real or personal estate in this State may devise or bequeath the same by last will executed and admitted to probate according to the laws of this State or executed according to the laws of this State and probated according to the laws of this State or the state or territory in which the will shall be probated."

"Sec. 540. Any will admitted to probate in any state, territory or district of the United States, together with the order admitting the same to probate therein, certified according to act of Congress, shall be admitted to probate in this State in any county where real estate is affected thereby, or filed in the office of the recorder of deeds in such county."

The section then provides for the admission in evidence of the records and certified copies of such will.

In addition to those sections, Sections 518, 520, 521, 522, 523 and 524, provide the methods of attesting and approving a will.

Under Section 507, every will must be in writing, signed by the testator, or by some person by his direction, and must be attested by two or more competent witnesses. The will in question had no subscribing witnesses, and though valid according to the law of Kentucky, it is not valid in Missouri for the purpose of devising real estate unless some one of the sections above quoted authorize it.

It will be noted that Section 253 provides that real estate in this State may be disposed of by a last will of an inhabitant of another state or country, if the will is executed "according to the laws of this State;" personal

property may be passed if the will be executed "according to the laws of his domicile."

Section 537 permits a person owning *real* or *personal* estate in this State to devise the same by a last will executed according to the law of the state or territory in which the will shall be probated. Under Section 253, such wills would have to be probated *de novo* in this State. Section 537 thus supplies an omission in Section 253.

Appellant claims that Section 540 modifies the effect of those sections. It provides that a will admitted to probate in any other state or territory, properly certified according to the act of Congress, "shall be admitted to probate in this State in any county where real estate is affected thereby, or filed in the office of the recorder of deeds of said county."

Section 540 was enacted in 1919, after the other sections quoted had been in effect, and does not expressly repeal any part of them. All these sections quoted appearing in the last revision must be construed together so as to give effect to all of them if it can be done without going contrary to the manifest intention of the Legislature. Is it possible to reconcile them? Sections 253 and 537 expressly require a will to be *executed* according to the law of this State before it is effective to pass real estate. The question is whether Section 540 may be harmonized with them, or whether by implication it repeals so much of Sections 253 and 537 as makes that requirement.

A repeal occurs by implication only when necessity demands it. [State ex rel. v. Wells, 210 Mo. 1. c. 620; Manker v. Faulhaber, 94 Mo. 440; 26 Cyc. pp. 1073-1077.] The opinion in the Wells Case quotes from a textbook, as follows:

"A repeal by implication must be by necessary implication. It is not sufficient to establish that the subsequent law or laws cover some, or even all, of the cases provided for by it; for they may be merely affirmative, or cumulative, or auxiliary. But there must be a posi-

tive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only *pro tanto,* to the extent of the repugnancy." [Anderson's Law Dict., p. 879.]

In the Manker Case it was said that before a later act could repeal a former, "the two acts must be irreconcilably inconsistent," or it must appear that the Legislature intended by the act to prescribe the only rule that would govern in the case.

Applying that rule to these statutes, is there an irreconcilable conflict, or, does it appear that the Legislature intended Section 540 to repeal the other two sections as to the matter under consideration? Section 540 says nothing about the method of *executing* a will provided for in that section. It mentions only a will admitted to probate in another state.

If a will is admitted to probate in another state it máy be presumed that it was executed according to the law of that state. Section 253 especially provides that such a will is sufficient to pass title to personal property, and it could be admitted to probate here whether it affected real estate or not.

Section 540 adds that such a will may be admitted to probate in the county where the real estate is "affected thereby," or filed in the office of the Recorder of Deeds of such county. From this it is argued that "any will," as provided in the section, admitted to probate in any state, is effective to dispose of real estate in this State. Literally, however, unless the will was executed according to the law of this State, no real estate would be "affected thereby;" a foreign will executed according to the law of the testator's domicile is effective to pass personal property and can be admitted to probate in any county in this State (Sec. 518, R. S. 1919), unless it is valid as to real estate, in which case it must be probated in the county where the real estate is situate. [Keith v. Keith, 97 Mo. l. c. 230.] Thus, éffect can be given to every word in all three of the sections. "Any will" ad-

mitted to probate in another state may be admitted to probate here; if real estate is affected—in the county of the real estate.

Thus, no irreconcilable conflict appears between Section 540 and Sections 253 and 537. Otherwise Section 253 is erased except as it affects personal property.

Now what was the intention of the Legislature in enacting Section 540? The appellant argues that unless it is given the effect contended for by him, so that the will in question disposes of title to real estate in this State, Section 540 has no purpose at all, and no effect, and might as well not be on the book. The section provides how a foreign will, and certified copies of the same, may be admitted in evidence in this State. It provides for admission to probate and recording, in this State, of wills admitted to probate in another state when certified according to the Act of Congress, without other proof of the will here. Of course any will may be admitted to probate in this State if properly executed and properly proved here. Proof here is dispensed with in this section; it has a distinct office in providing for that. It says nothing about how such a will must be executed or attested. It does not require that it shall be executed or attested according to the law of the state where it is admitted to probate. On the contrary it might be admitted to probate in another state, although not executed according to the law of that state under some statutory provision. The only requirement is that it shall be admitted to probate in another state. In that case whether it affects real estate or not, it shall be admitted to probate here, and if it affects the title to real estate the probate must be in the county where the real estate is situate, or it must be filed in the office of the recorder of deeds of that county. It might be admitted to probate in a county other than where the real estate is located, yet the law would be complied with if it was filed in the re-corder's office of the county where the real estate is located. So there was reason for the enactment of our

Section 540, and sufficient legislative intention appears without giving it the effect to repeal Sections 253 and 537. Further, the legislative intent appears in this revision by retaining all those sections in the language in which they appear without eliminating from Sections 253 and 537 the provisions regarding real estate.

III.   The appellant presents a review of legislation upon the subject, and claims that historically the legislative intention appears as he contends. The first statute in this State affecting the matter, and which continued in force until 1845, provided that copies of wills, proved according to the laws of any of the United States or territories, should be good and available for granting and conveying lands in this State. During the period that that statute was in force, of course, any will executed according to the laws of another state would be good here as affecting the real estate. In 1845 that statute was repealed and the present statutes, above quoted, enacted, except Section 537, which was enacted in 1917, and Section 540 enacted in 1919. Section 537 is not entirely consistent with Section 253, because it requires a will to be executed according to the law of this State in order to affect the personal property as well as real estate. It is an enabling statute, and may be reconciled with Section 253, because it does not exclude the validity of the will to pass personal property although not executed according to the law of this State. If it had been the legislative intention to go back to the law as it existed before 1845, some words would have been used such as were used in the statute prior to that time. Or, if Section 540 had provided that a will admitted to probate in any state was effective to dispose of real estate in this State, the intention contended for would have appeared. The omission of any words to that effect indicates that the Legislature had no such intention.

*History of Statutes.*

Authorities from other states are cited regarding the effect of a will executed according to the law of other

states.   In nearly all such cases statutes are construed which provide in express terms that a will admitted to probate in another state shall be valid if executed in conformity with the laws of the state where it is executed, or words which in effect have that meaning.   And the statutes in other states which do not make such specific provision use language very different from our Section 540.   No case has been cited, and we have been unable to find any, where specific provisions like that contained in Section 253 are held to be annulled by a statute like our 540.

The general rule announced above prevails: that in order to dispose of real estate in this State, a will must be executed according to the law of this State.

The judgment is, therefore, affirmed.   All concur.