GENE THOMAS ET AL., Appellants, v. CHARLES PENDLETON MCGHEE ET AL.—8 S. W. (2d) 71.

Division One, July 3, 1928.

*M. D. Campbell, John M. Campbell* and *Higbee & Mills* for appellants.

521

*J. N. Wattenbarger* and *Hunter & Chamier* for respondent.

522

ELLISON, C.—This is a suit to partition and determine title to nine lots in Orchard Place Addition to the city of Kirksville in Adair County. The real estate belonged to Ethel Thomas McGhee, who died, childless and testate, a resident of California, in August, 1923. The conflicting interests arrayed in the suit are her heirs—her mother and five brothers and sisters—on the one side, and her widower Charles Pendleton McGhee on the other. The heirs have appealed from the order of the Circuit Court of Randolph County (to which the venue was changed) granting the widower a new trial.

The decedent's will devised her entire estate to the respondent. It was holographic and there were no attesting witnesses. Under the

law of California it was valid, and consequently was admitted to probate in that state in due course, notwithstanding there were no subscribing witnesses. A copy of the will and proof, certified under the act of Congress, was then filed in the Probate Court of Adair County, Missouri, and the will was admitted to probate there under Section 540, Revised Statutes 1919, in March, 1924. This suit was filed in November, 1924.

The appellants' petition alleges the respondent owns a one-third interest in the lots for his lifetime. Their theory was and is:

(1)   That the will was void as to the real estate involved, because not executed in accordance with the laws of Missouri (Secs. 253 and 537, R. S. 1919), in that there were no subscribing witnesses, as required by Section 507, Revised Statutes 1919;

(2)   That, there being no valid will (a) the rights of the respondent were governed by Laws 1921, page 119, abolishing curtesy and giving a widower the same share in the real estate of his deceased wife that the law allows a widow in the real estate of her deceased husband, with the same rights of election and the same limitations thereto; (b) that this curtesy statute repealed by implication Section 320, Revised Statutes 1919, giving a widower a half interest in the estate of his wife who dies without lineal descendants; (c) and that by virtue of the curtesy statute the respondent was entitled only to a common-law dower interest of one-third for life in his wife's land under Section 315, Revised Statutes 1919, since he did not elect in accordance with Section 323, Revised Statutes 1919, and Laws 1921, page 111, to take a one-half interest therein under Section 321, Revised Statutes 1919, enacted for the benefit of widows of husbands who die without lineal descendants.

As to the first of these contentions the respondent took the position that the probating of the will in Adair County under Section 540, Revised Statutes 1919, was a final judgment, which made the will operative there for all purposes whether executed in accordance with the laws of this State or not; that the only road thereafter left open to the appellants was a direct attack by a will contest within one year under Sections 541 and 525, Revised Statutes 1919; and that the instant partition and quiet-title suit is not a proceeding of that character, but is a *collateral* attack, which the law does not allow. And so, the respondent maintains he is entitled under the will to the whole title to the real estate involved.

Secondly, the respondent denies that Section 320, supra, was repealed by the statute abolishing curtesy, supra—this on the theory that the latter applies only to widowers who would, in its absence, be entitled to curtesy, which was not the situation in this case, since no children were born of respondent's marriage to the testatrix. Hence, it is respondent's contention that he is entitled to a half in-

terest in his wife's land even though her will be void with respect thereto.

The trial court ruled against the respondent on both points and decreed him the owner of a life estate in a one-third part of the land. Thereafter the court changed its view and upheld the respondent's second contention—that he was entitled to a one-half interest in the real estate under Section 320—expressly sustaining respondent's motion for a rehearing on that ground.

On this appeal the respondent urges that the trial court's action in granting him a new trial was correct on the ground assigned therefor; and further asserts that even if that ruling was incorrect, the motion should have been sustained on the other ground pressed by him, namely, that the probating of the will in Adair County is now beyond assault, and that even though not attested, by virtue of that judicial act it is a valid testamentary instrument devising the whole title to him.

Taking up first the ground on which the court ordered the rehearing. The point must be ruled in favor of appellants. The trial court's action was wrong. The exact question was recently passed on by this division of this court and decided adversely to respondent's contention in O'Brien v. Sedalia Trust Co., 5 S. W. (2d) 74. It was there held that Laws 1921, page 119, abolishing curtesy, impliedly repeals Section 320, Revised Statutes 1919, and that if the widower of a wife who dies without lineal descendants would take a half interest in his deceased wife's real estate, he must do so under Section 321, Revised Statutes 1919, first making and filing a written election to that effect under Section 323, Revised Statutes 1919, and Laws 1921, page 111. The question is fully discussed in that case and there is no need of going over it again now—except as to one point on which we should, perhaps, add a word. While the facts, reasoning and context in the O'Brien case show the effect of the opinion is to hold Laws 1921, page 119, repealed Section 320, Revised Statutes 1919, so far as the latter pertains to the deceased wife's *real estate*, yet the statement on page 77, 5 S. W. (2d), is not expressly so limited. It is there stated broadly that the curtesy statute repealed Section 320 by implication. Inasmuch as the statute abolishing curtesy deals only with real estate it could not, of course, repeal Section 320 so far as the latter pertains to personalty.

Can the order granting the rehearing be sustained on the other ground—that the probate of the will in Adair County under Section 540, Revised Statutes 1919, made it an effective devise of the testatrix's land notwithstanding there were no subscribing witnesses? We think not. This question, also, was before this court not long since, in White v. Greenway, 303 Mo. 691, 263 S. W. 104, decided by Division Two. The will there under consideration was an unat-

tested will from Kentucky, and the conclusion reached was contrary to that contended for by respondent.

Both Section 253 and Section 537, Revised Statutes 1919, expressly require wills disposing of real estate in this State to be *executed according to the laws of this State;* and of course it goes without saying that unless a will be attested by at least two subscribing witnesses it is not so executed. [Sec. 507, R. S. 1919.] On the other hand, Section 540, enacted in 1919, provides that any foreign will shall be admitted to probate in this State in any county where real estate is affected thereby, on production of the will and the order admitting the same to probate in the foreign jurisdiction, certified according to the act of Congress, or the will, proof and certificate may be filed in the office of the Recorder of Deeds of the county. The statute then adds that all such wills, so certified and probated or recorded, shall impart notice and be admitted in evidence in all courts of this State, etc.; but nowhere in it is there any requirement that the will be executed in accordance with the law of this State.

These three sections were all considered and harmonized in White v. Greenway, supra, and it was held Section 540 did not repeal Sections 253 and 537. In other words, the admission of a foreign will to probate under Section 540 does not make the will devise real estate when Sections 253 and 537 forbid. The instrument might be probated simply to pass title to *personalty,* which it will do under Section 253 even though not executed in accordance with Missouri law. And so it cannot be said the probate is necessarily a judicial determination that the will is valid to pass title to real estate in this State.

Indeed, probating in the probate court and recording by the recorder are put on a parity by the statute. The question of the due execution of the will is not inquired into, and there is reason for doubting whether the probate is anything more than a ministerial act, just as the recording ordinarily would be. [38 C. J. 739, sec. 349.] Under statutes like Section 540 it would seem, technically, that the instrument derives its validity from the foreign adjudication, and that the ancillary proceeding in the local jurisdiction merely gives binding notice thereof or adopts the same, subject to the limitations interposed by the *lex rei sitae* so far as real estate may be affected or the right to contest involved. [See Cohen v. Herbert, 205 Mo. 537, 550, 104 S. W. 84, 120 A. S. R. 772; 113 A. S. R. 215, note; 115 A. S. R. p. 518, note; 13 A. L. R. p. 502, note.] But whether that is so or not (which we do not decide) the fact is certain that probating a foreign will under Section 540 does no more than to establish the will to the extent and for the purposes allowed by the two other statutes last mentioned.

This last is the conclusion in substance and effect in White v. Greenway, supra. But respondent suggests that case was a direct proceeding under Section 541, Revised Statutes 1919, expressly enacted for the purpose of contesting foreign wills probated under Section 540, whereas the instant case is a collateral attack, and hence it is urged the decision is not an authority here. We think it is. In holding that Sections 253 and 537 were not repealed by Section 540, the court necessarily held that a probate under the latter section would not be *res judicata* as against the former two sections. The scope and effect of the judgment (if it be that) of probate under Section 540 was not such that this suit can be said to impeach it.

The result is that the order of the circuit court granting a rehearing must be set aside and the cause reversed and remanded with directions to reinstate the original interlocutory decree adjudging the respondent to be the owner of a life estate in an undivided one-third interest in the lots in controversy. It is so ordered. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.