[Civ. No. 1039. Fourth Appellate District.—October 26, 1932.]

In the Matter of the Estate of KATE ANTHONY, Deceased. BRADLEY PEARCE, Appellant, v. JOHN L. HAINES, Executor, etc., Respondent.

F. L. Richardson for Appellant.

Titus & Macomber for Respondent.

AMES, J., *pro tem.*—It appears from the record in this case that Kate Anthony died in the county of San Diego on the first day of January, 1930. Thereafter John L. Haines filed a petition in the superior court praying that letters testamentary be issued to him. Thereafter a hearing upon said petition was had and a certain document purporting to be the last will and testament of Kate Anthony, deceased, was duly admitted to probate in said court and the petitioner was appointed executor thereof. By the

terms of the will decedent bequeathed to Mollie Lyon of San Diego, California, the sum of $5 and the rest, residue and remainder thereof to her sister-in-law Mrs. Sallie B. Means, of St. Louis, Missouri. The will was executed in due form and attested by two subscribing witnesses. Thereafter Bradley Pearce and Lizzie Pearce filed a petition under the provisions of section 1327 of the Code of Civil Procedure, which was then in effect, praying that the probate of the will theretofore granted be vacated and set aside. The second amended contest and petition to revoke the probate of the will contains two grounds of contest. To this petition proponent demurred, both to the petition in its entirety and to each several ground of contest therein contained. The demurrer to the contest and to each of its several grounds is general.

In the first ground of contest it is alleged that the will theretofore admitted to probate had been destroyed and revoked by decedent prior to her death and that on or about the twentieth day of November, 1928, deceased wrote across the bottom of said paper purporting to be her last will and testament the following: "This will I am going to destroy. November 20, 1928," and that thereafter she did mutilate and tear the same to pieces and deposited the pieces in a waste-basket with the intention of revoking the same. It further appears from suitable allegations in the first ground of contest that deceased left her surviving no husband, child or children, and no surviving father or mother, brothers or sisters, nor any child or children of any deceased brother or sister, but that she left her surviving as her heirs at law, contestants who, it is alleged, are the children of a deceased sister of the deceased mother of decedent and her next of kin and heirs at law.

The second ground of contest alleges the execution on the twenty-fifth day of November, 1929, of another instrument in writing as her last will and testament. A copy of said instrument is incorporated in the second ground of contest and it is therein alleged that the same is a holographic will, being in the handwriting of said decedent, and is unwitnessed, in which she bequeathed unto Sallie B. Means and Mary Lyon each the sum of $5. The instrument then contains the following clause: "When all the bills are paid up, all of my personal property, my home and Near

house in Springfield, Mo. is to be given to Mrs. Evelyn Smith of San Diego. All household goods, my clothes, everything to Evelyn Smith." Under the signature of the testatrix, and as a part of the same writing, appears the following: "I am sick but in my right mind. I leave check $831.47 D. J. Houres of Coronado for my last expense funeral expense. What is left goes to Evelyn Smith. Kate Anthony." It is further alleged in said second ground of contest that at the time of her death deceased was the owner of certain real estate in the city of Springfield, state of Missouri, which is therein described. The holographic will, being inconsistent in its terms with those contained in the former will, is pleaded as a revocation. The demurrer to the second amended petition was sustained and, petitioners declining to amend, a judgment of dismissal of the contest was entered, and from that judgment contestants appeal.

We think that the first ground of contest states facts sufficient to constitute a ground of contest of the will. The jurisdictional facts are therein set forth, together with sufficient allegations of the relationship of contestants to the testatrix and further allegations of a revocation. Nor does the respondent seriously contend that the first ground of contest, standing by itself, is defective. Respondent, in support of his demurrer, contends that the second ground of contest does not show upon its face that contestants are "interested persons" as that phrase was used in section 1327 of the Code of Civil Procedure prior to its repeal in 1931, because, contends the respondent, the contestants are not named as beneficiaries in the holographic will of November 25, 1929, and in the event that the contestants should prevail in this proceeding the entire estate of the decedent would ultimately be distributed to the beneficiaries named in the latter will, to the exclusion of contestants.

Appellants, on the contrary, contend that a holographic will is not valid under the laws of the state of Missouri and that the will of November 25, 1929, may be pleaded by them for the purpose of showing a revocation of the former will and, such revocation having been established, the real estate in the state of Missouri would devolve upon them under the statutes of succession of that state.

Before pursuing our inquiry into the question of the effect of the holographic will as an instrument for a transfer of the title to the real estate in Missouri, we will first examine the decisions of the courts of California which have on numerous occasions construed the provisions of section 1327 of the Code of Civil Procedure. That section contained the following provision: "When a will has been admitted to probate, any interested person . . . may, at any time within one year after such probate, contest the same or the validity of the will." (The period of one year was reduced to six months by the amendment of 1929.) .

In the case of *Estate of Land,* 166 Cal. 538 [137 Pac. 246, 248], the Supreme Court said: "It may freely be conceded that if it is made to appear that a person has such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside, he is a person interested. This would appear to be the common sense meaning of the term, and no good reason can be made to appear for giving it a broader or more different meaning."

The mere fact that the petitioners are heirs at law of the decedent does not necessarily give them the right to petition for a revocation of the will, because an heir at law may be without such right by reason of other facts (*Estate of Land, supra; Estate of Edelman,* 148 Cal. 233 [82 Pac. 962, 113 Am. St. Rep. 231] ; *Estate of Wickersham,* 153 Cal. 603 [96 Pac. 311]). In the case of *Bloor* v. *Platt,* 78 Ohio St. 46 [84 N. E. 604, 14 Ann. Cas. 333], which is cited with approval in *Estate of Land, supra,* the Supreme Court of Ohio said: "Any person who has such a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested'." In the case of *Selden* v. *Illinois Trust & Sav. Bank,* 239 Ill. 67 [87 N. E. 860, 130 Am. St. Rep. 180], which is also cited in *Estate of Land, supra,* the Supreme Court of Illinois held that the words in the statute "any persons interested" meant those having a direct pecuniary interest affected by the probate of the will and that such interest must exist at the time of the admission of the will to probate.

Proceedings for the probate of wills, and the right to contest the same, are special proceedings unknown to the

common law. The right thus created by statute is the creature of statute, being unknown to the common law, and a contestant has such rights and only such rights as the law gives him. It was so held in *Estate of Baker*, 170 Cal. 578 [150 Pac. 989, 992]. In that case the court further says: "Specifically our law provides (Code Civ. Proc., sec. 1327) that 'any person interested' may contest a will which has been admitted to probate within one year thereafter. Upon what is the right of an heir or other person in interest to contest a will fundamentally based? Manifestly upon the illegal deprivation occasioned to him, the illegal loss to him of property or property rights, by giving recognition to an instrument depriving him of those rights, which instrument for one or another cause is illegal, invalid, and void." In 28 Ruling Case Law, 386, it is said: "In order that a person may contest a will it is necessary that such person shall have some interest which may be affected by the probate of the proposed will. Furthermore, such interest must be pecuniary and one detrimentally affected by the will."

Since the amendment to section 1875 of the Code of Civil Procedure in 1927, the courts of California will take judicial notice of the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states (Stats. 1927, p. 110). This court, therefore, in taking notice of the provisions of the Missouri statute, finds that section 253 of the Revised Statutes of Missouri contains the following provision:

"*Estates of Nonresidents, How Administered.*—When administration shall be taken in this state on the estate of any person, who at the time of his decease was an inhabitant of any other state or country, his real estate found here, after the payment of his debts, shall be disposed of according to his last will, if he left any, duly executed according to the laws of this state, and his personal estate according to his last will, if he left any, duly executed according to the laws of his domicile. . . . "

Section 507 of the Revised Statutes of Missouri is as follows:

"*Will is to be in Writing, How Signed and How Attested.* Every will shall be in writing, signed by the testator, or

by some person, by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator.''

Section 540 of the Revised Statutes of Missouri is as follows:

"*Wills Probated in Any County, When.*—Any will admitted to probate in any state, territory or district of the United States, together with the order admitting the same to probate therein, certified according to act of Congress, shall be admitted to probate in this state in any county where the real estate is affected thereby, or filed in the office of the recorder of deeds in such county.''

A situation similar to that which exists in the instant case was presented to the Supreme Court of Missouri in the case of *White* v. *Greenway*, 303 Mo. 691 [263 S. W. 104]. In that case a testatrix, who died in the state of Kentucky, leaving real property in the state of Missouri, executed a holographic will, which appeared to be valid under the laws of the state of Kentucky, in which the same was executed. The court presumed that the holographic will which was admitted to probate in the state of Kentucky was executed according to the laws of that state, but further holds, in construing those sections of the Revised Statutes of Missouri which are hereinbefore quoted, together with other statutory provisions of that state, that the will, not having been executed according to the provisions of section 507 of the Revised Statutes of Missouri, was sufficient to pass the title to personalty located within that state, but that it was invalid for the purpose of passing title to realty unless executed in writing, attested and probated in the county wherein the realty is situated according to the provisions of the statutes in Missouri.

The question then presented is whether or not the operation of the statutes of Missouri upon the holographic will, which is pleaded in the second cause of contest of the contestants, is such that contestants would become interested persons, within the meaning of section 1327 of the Code of Civil Procedure prior to its repeal in 1931.

In *White* v. *Greenway, supra,* it is further said: "The rule is universal that title to land can be acquired only according to the *lex rei sitae* and a will by a nonresident testator devising land in this state must take effect and

be interpreted according to the laws of this state. . . . The will under consideration might be sufficient to pass title to personal property situate here, and yet not be valid as affecting real estate in Missouri.'' In the case of *Hines* v. *Hines*, 243 Mo. 480 [147 S. W. 774], the court says:

'' . . . we think our General Assembly was acting within its proper sphere when it enacted section 569, *supra*, which provides that wills executed and proven in other states, attempting to convey land in this state, may be contested in the courts of this state when an attempt is made to put such wills in force here by placing them on the land records of our state.

''This must necessarily be true for the reason that every state has full and exclusive power to determine by what methods real estate situated within its borders shall be conveyed or devised, and how the same shall pass by inheritance.''

In *Keith* v. *Keith* (*Keith* v. *Johnson*), 97 Mo. 223 [10 S. W. 597], the Supreme Court of Missouri says: ''No principle of law is better established in the United States than this: that the transfer of title to real estate must be in accordance with the law of the state where the property is situate. So a will, to be of any validity as a transfer of title to land, must be executed, attested, and probated in the manner prescribed by the law of the state where the land is located.'' And again the court says:

''When the Kentucky court admitted this will to probate it adjudged it to be executed according to the laws of that state, and we accept that adjudication as conclusive upon that subject; but it did not undertake to say that the will transmitted the title to the Missouri land. That court did not assume to make any such adjudication. The probate of the will, then, does not have the credit in that state of affecting the title to land in this state, and hence we are not called upon to give it a credit here that it does not have in the courts of the state where the probate is declared. The force and effect which we must give to this Kentucky probate does not depend upon the said act of congress, nor our statute relating to the same object, so far as real property located in this state is concerned, but it depends wholly upon the statute before quoted, dispensing with proof anew, and declaring what force and effect shall be

given to a will properly executed, probated in another state, and recorded here. Moreover, the courts of that state are without jurisdiction over the titles to land located in this state."

In *Nelson* v. *Potter*, 50 N. J. L. 324 [15 Atl. 375], cited with approval in *Keith* v. *Keith* (*Keith* v. *Johnson*), *supra*, the Supreme Court of New Jersey, in speaking of the full faith and credit clause of the federal Constitution, says:

"Hence the probate of a will in one state, though conclusive as to title to personalty, if probate be made at the domicile of the testator, is of no force in establishing the sufficiency or validity of a devise of land in another state. It can obtain such force only in virtue of some law of the state in which the lands are situate."

The case of *Thomas* v. *McGhee*, 320 Mo. 519 [8 S. W. (2d) 71], was a case involving a holographic will executed under the laws of another state and the Supreme Court of Missouri, in construing the sections of the revised statutes of that state which are hereinbefore quoted, holds that such a will is ineffective to devise real estate in the state of Missouri. The court says: "Under statutes like section 540 it would seem, technically, that the instrument derives its validity from the foreign adjudication and that ancillary proceeding in the local jurisdiction merely gives binding notice thereof or adopts the same, subject to the limitations interposed by the *lex rei sitae* so far as real estate may be affected or the right to contest involved."

It seems to have been the theory of the trial judge and respondent that while the first ground of contest was a good and sufficient pleading, by the allegations of their second separate contest they alleged themselves out of court by introducing the holographic will under which they could not take property in California.. The fallacy of this position is apparent when we consider the position of the trial court and the parties if the order sustaining the demurrer should be sustained.

First, the probate court is engaged in probating one will which it would seem might have been revoked by a subsequent holographic will.

Second, the first will which is being probated was executed with all the formalities of law of both California and Missouri and, if probate be concluded here, an exemplified copy

could be recorded or filed in Missouri and the title to real estate passed if it were not contested there within three years. The Supreme Court of Missouri has held that a will which had been actually revoked according to the laws of the states of New York and Missouri, but which had been probated in New York was sufficient to pass title to real estate in Missouri when an exemplified copy of the New York probate proceeding had been regularly filed in Missouri and no contest instituted during the period allowed by the laws of that state. (*Cohen* v. *Hubert*, 205 Mo. 537 [104 S. W. 84, 120 Am. St. Rep. 772].)

Third, if the first will be revoked by the holographic will and the latter be probated, it will pass title to all personal property belonging to the estate and to all real estate in California, but not in Missouri. The deceased will become an intestate in so far as the Missouri realty is concerned. If this should happen appellants will take estates in the Missouri real estate as heirs at law of the deceased.

It seems to us that this effectually disposes of the contention that appellants would have no direct pecuniary interest in the estate if the holographic will be proved and probated. If the first will has been revoked by destruction, appellants would be entitled to share in the entire estate if the holographic will is not entitled to probate for any reason.

The judgment is reversed, with directions to overrule the demurrer.

Barnard, P. J., and Marks, J., concurred.