66 F.Supp. 16 (1946)
STERNBERG et al.
v.
ST. LOUIS UNION TRUST CO.
No. 3483.
District Court, E. D. Missouri, E. D.
February 20, 1946.
*17 S. Mayner Wallace, of St. Louis, Mo., for plaintiffs.
Rhodes E. Cave, T. S. McPheeters, Fred L. Williams, and Roland O'Bryen, all of St. Louis, Mo., for defendant.
HULEN, District Judge.
This suit concerns the will of Herman J. Sternberg, deceased. Plaintiffs constitute all the living beneficiaries under the will. Defendant was named co-trustee in the will with plaintiff, William F. Sternberg. Jurisdiction is based upon diversity of citizenship.
The complaint is in two counts. Count 1 seeks an accounting from the defendant to the four plaintiffs who are brothers and sisters of the testator, for sums collected by defendant as royalties under a certain royalty contract, covering land in Illinois owned by testator at the time of his death, with other relief.[1] Count 2 seeks removal of the defendant as trustee. The case is now before the Court on motion of plaintiffs for a partial summary judgment on Count 1 of the complaint. Federal Rules of Civil Procedure rule 56(d), 28 U.S.C.A. following section 723c.
The complaint charges that Herman J. Sternberg died testate in January, 1944, in Missouri; the estate included real and personal property in the State of Illinois; the will bequeathed all the residuary estate to the trustee in trust for the benefit of deceased's four brothers and sisters during their lives, with the remainders to their children; subsequent to execution of the will testator married Edna W. Wyman, who survived him; under the laws of Missouri and Illinois, the widow is entitled to one-half the real and personal property located in those states; under the statutes of Illinois (Laws 1941, July 21, Vol. 1, page 1, Sec. 1) the will was revoked (as respects the real estate in the State of Illinois) by virtue of the subsequent marriage, resulting in the surviving widow inheriting one-half of the real estate in Illinois and the deceased's four brothers and sisters, as his only heirs at law, inheriting one-half; defendant had the will probated in Missouri and also an unqualified probate in Fulton County, Illinois, and took charge as trustee of the Illinois real estate; the testator had entered into a mining agreement with mine operators in Illinois whereby coal was mined on certain of the Illinois real estate owned by him at the time of his death, on a royalty basis; the defendant has (as trustee or executor) wrongfully collected and withheld from plaintiffs, who are brothers and sisters of deceased, approximately $75,000 in royalties collected under the mining agreement and such plaintiffs have been forced to make expenditures to remove the cloud cast upon the title to the Illinois real estate by virtue of the unqualified probate (that is probate both as to real and personal property of which the testator died seized) of the Sternberg will in Illinois; for these sums judgment is sought under Count 1 of the complaint.
Allegations of the answer are to the effect that at the time this suit was filed there was pending in the Circuit Court of Fulton County, Illinois, a case wherein the parties were the same as the parties to this suit; the issue in the Illinois case is *18 whether or not under the statutes of the State of Illinois, the Sternberg will (as to all real estate in the State of Illinois) was revoked by marriage of the testator subsequent to the execution of the will; a request that the proceeding in this Court be stayed until the Illinois action was determined by the "Circuit Court of Fulton County, State of Illinois"; a denial that it has withheld any funds from plaintiffs, as heirs at law of the testator, to which they are lawfully entitled, and that "it is now advised" the royalties which are the subject matter of Count 1 of the complaint "are personal property, and, as such, are not payable to the plaintiffs or the trustees, but to defendant as executor." This last defense is stated abstractly. By brief of defendant, it appears that this position is based upon defendant's interpretation of the mining contract. We quote from defendant's original brief on the present motion: "As to the second question, we submit that under the provisions of said particular contract (referring to the agreement attached to plaintiff's petition and marked Exhibit B) the cash royalties accrued and to accrue thereunder are personalty and not real estate."
Defendant as trustee for unborn children, by separate answer adopted provisions of answer above referred to.
Two issues are presented on the motion for summary judgment on Count 1 of the complaint:
1. Did the marriage of Herman J. Sternberg subsequent to the execution of this will revoke the will, as it affected title to land in the State of Illinois of which testator died seized? Plaintiffs contend it did; defendant that it did not.
2. Are the royalties, earned under the mining agreement since testator's death, personalty of the deceased, subject to administration by defendant? Plaintiffs' position is that such royalties (one-half of them) go to them as owners of a one-half interest in the land; defendant seeks them as administrator of the personal estate. Can these issues be decided as a matter of law upon the pleadings and undisputed exhibits on file?
Facts governing and material to a determination of the first issue appear from the pleadings, together with copy of decree of the Circuit Court of Fulton County, Illinois, in the case referred to in the pleadings. Decision on the second question turns solely upon interpretation to be placed on the royalty or mining contract, part of the complaint, by attachment, thereto and reference therein. That the facts upon the two issues presented are thus encompassed all parties concede by briefs and arguments presented on the present motion. See the last paragraph of the answer to Count 1 of the complaint, on this conclusion.
On motion of the defendant, the Court stayed proceedings in this cause pending determination of the cause in the Circuit Court of Fulton County, Illinois. That case has now been decided.
On the 18th day of December, 1945, the Circuit Court of Fulton County, in the cause in question entered its judgment. Neither before, nor within ten days after such final judgment (nor was an order made during such period to extend the time) was a motion for a new trial filed. (See Illinois Revised Statutes 1945, Article 7, Trial Court Practice, Chapter 110, Section 192). Pertinent portions of the decree read as follows:
"It is therefore, ordered, adjudged and decreed by the Court that as respects any and all of the real estate of said Herman J. Sternberg, situated in the State of Illinois, which he owned or of which he was seized or possessed at the time of his death, the instrument in writing purporting to be the Last Will and Testament of Herman J. Sternberg, deceased, bearing date the 14th day of September, 1937, which was admitted to probate and record in the County Court of Fulton County, Illinois, on the 28th day of March, 1944, and a copy of which is attached to the Amended Complaint in this cause as Exhibit `A', is not the Last Will and Testament of the said Herman J. Sternberg, deceased, but that said purported Last Will and Testament of the said Herman J. Sternberg was revoked by his marriage to Edna W. Sternberg occurring subsequent to the execution of said Will as respects any and all of his real estate situated in the State of Illinois.

* * * * * *
*19 "It is further ordered, adjudged and decreed by the Court that the said Herman J. Sternberg died intestate as respects any and all of his real estate situated in the State of Illinois which he owned or of which he was seized or possessed at the time of his death, and that said real estate upon his death passed by descent under the statutes of descent of the State of Illinois to the surviving widow and heirs-at-law of the said Herman J. Sternberg, and upon his death all his right, title and interest therein became and now is vested in the surviving widow and heirs-at-law of the said Herman J. Sternberg as tenants in common, each owning the following interest therein:
"Edna W. Sternberg, an undivided one-half (½) part or interest therein;
"William F. Sternberg, Louis E. Sternberg, Emma A. Walthers and Minnie S. Hildbrant, each an undivided one-eighth ( 1/8 ) part or interest therein."
Defendant in the case has filed its notice of appeal to the Supreme Court of Illinois and has posted a supersedeas bond. The same party, defendant in this case, now seeks (we consider the motion as originally filed asking for a stay only until decision of the Circuit Court of Fulton County, Illinois, to be so amended) a stay of submission of plaintiff's motion for summary judgment on Count 1 of the complaint until the Supreme Court has passed on the appeal now being prosecuted from the decree of the Circuit Court of Fulton County.
Although notice of appeal has been filed and supersedeas bond given in the Illinois case, such proceedings do not nullify the present force of the decree in that case as res judicata of the question determined, but only that no execution can issue to enforce the judgment. See Brown v. Schintz, 1903, 203 Ill. 136, 67 N.E. 767.
This Court concludes that it should follow the ruling of the Illinois Circuit Court of Fulton County on extent of validity of the Sternberg will in the State of Illinois. Jurisdiction on probate of the will in Illinois rests in the Illinois Court[2] (68 C.J., p. 924, § 657; 2 Page on Wills, § 733, pp. 407 and 408). The ruling of the Circuit Court of Fulton County is in accord with the decisions of the Supreme Court of that state.[3] We have been cited no case to the contrary, and find none. The ruling of the Circuit Court of Fulton County, Illinois, is adverse to the defendant. It holds the Sternberg will was revoked by the subsequent marriage of the testator as regards real estate located in the State of Illinois. The will of Herman J. Sternberg is good in Missouri, residence of the testator at the time of his death. Personal property of the deceased, wherever located, is governed by the will. Dibble v. Winter, 247 Ill. 243, 93 N.E. 145. The validity of the will as to real estate located in the State of Illinois, owned by the testator at the time of his death, is governed by the law of the State of Illinois. See American Law Institute Restatement of the Law, "Conflict of Laws," § 250, p. 334; Dibble v. Winter, supra, Peet v. Peet, 229 Ill. 341, 82 N.E. 376, 13 L.R.A.,N.S., 780, 11 Ann.Cas. 492; Plenderleith v. Edwards, 328 Ill. 431, 159 N.E. 780, Thomas v. McGhee, 320 Mo. 519, 8 S.W.2d 71; White v. Greenway, 303 Mo. 691, 263 S.W. 104.
The remaining issue under Count 1 of the complaint turns upon interpretation of the mining agreement, and is one for decision under Rule 56, Rules Civil Procedure, providing for partial summary judgment. Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318; Sterling Homes Company v. Stamford Water Company, 2 Cir., 1935, 79 F.2d 607. The only dispute between the parties is what conclusion shall *20 be drawn in interpreting the mining contract. It is in writing.
The mining lease is simple in its terms.[4] It provides that Herman J. Sternberg will hold title to or control certain lands in Illinois for the benefit of the mining company, "to be used in connection with its business of mining and removing coal * * *." The mining company is given the right "to mine and remove all available coal on the land." Testator was to receive fifteen cents per ton "for all coal mined and removed from the premises * * *." The agreement was to run for a period of twenty years. On failure of the mining company "to make payments and carry out the terms of the agreement," testator could have caused forfeiture of the agreement. It is our conclusion that this instrument is a lease of the premises described, from the testator to the mining company, with the right to remove coal from the premises for the *21 period of twenty years, under the terms of the lease.
The categorical statement of defendant that "cash royalties" are personalty and not real estate cannot be disputed, but for defendant to sustain its right to the royalties which accrued subsequent to the death of testator, such royalties, or the coal upon which they are paid, must have been personalty at the time of testator's death, and this conclusion must be drawn from a fair interpretation of the language of the mining contract.
Under the Illinois statute, the real estate went to the widow and heirs at law on the death of testator. The general rule is that income thereafter accruing from the land would go to the owners of the land. Defendant, through able and resourceful counsel, presents two theories on its claim to a contrary holding. First, that under the mining contract testator made a sale of all coal on or under the land at the time of the execution of the mining contract, and the royalty payments are "installment payments" on the debt created by "an absolute and complete sale before testator's death." (Quoted from defendant's original brief.) Coal in the ground is a part of the realty. Hulse v. Hulse, 155 Ill. App. 343. Did the contract sever the coal from the realty before it was mined, place title to it in the mining company, with the obligation on the mining company to pay royalties for it as it was removed? We can draw no such conclusion from the terms of the mining agreement.
As to the law of Illinois, and assuming, without deciding, the contract placed an obligation on the mining company to "use reasonable diligence to mine the coal and fully develop the property as quickly as possible," nevertheless the testator had no right to collect royalties under the agreement until the coal was mined and removed from the premises. See Stoddard v. Illinois Improvement & Ballast Co., 275 Ill. 199, 113 N.E. 913. On authority of the holding in the Stoddard case (cited by defendant in its brief) the only liability that could arise against the mining company, under the agreement, would be during the period the agreement was in effect, to pay royalty on all coal which it could by reasonable diligence have mined and removed. It was not liable to pay for all the coal on or in the land at any time, unless mined and removed. As to the law of Missouri, see Austin v. Huntsville Coal & Mining Company, 72 Mo. 535, 37 Am.Rep. 446. The Court had under consideration an instrument whereby certain lands were leased for a term of twenty years "to party of the second part, his heirs and assigns, all the coal on or under the following lands * *." It was held the instrument was only a lease and not a grant of all the coal. The Supreme Court said: "If the parties had intended an absolute grant of `all the coal' under the land described, the time during which the coal should be dug would not have been limited. For, by thus limiting the time, during which mining operations were to be carried on, it is equivalent to saying that the party of the second part is to have all the coal it can mine on the premises, before the lapse of twenty years."
The forfeiture clause evidences no intent that the agreement should constitute a sale of "all the coal" on or in the land. No provision is made for paying for such coal, or disposing of it in any way, in case of cancellation of the agreement or expiration of the lease term. The fact, if it be a fact, that all the coal on or under the land, which can profitably be mined will be removed in "two years" as alleged by defendant, does not change the rule of interpretation of the contract executed by the parties.
The case of Hulse v. Hulse, supra, is cited by defendant to support its position that "royalties are personalty." This case holds royalties are personalty "when collected."
Defendant concedes that the ruling in the case of Ohio Oil Company v. Wright, 386 Ill. 206, 53 N.E.2d 966, is "apparently" against their theory. We think it is patently against defendant's theory. We have read the other authorities cited by defendant, but we are unable to agree *22 they sustain defendant's position under the conceded facts of this case.
Defendant next urges the theory of equitable conversion, to support its position. The case of Ward v. Williams, 282 Ill. 632, 118 N.E. 1021, is cited as authority. We do not consider this case in point. It is founded on facts which apply a rule (which does not appear to be universally recognized) that where an owner of real estate enters into a valid contract for sale of real estate, the nature of the asset, as to the seller in case of death, under the doctrine of equitable conversion, is changed, and the real estate will be regarded as converted into personal property. Such a state of facts is not presented by the record in this case. Adams v. Peabody Coal Company, 230 Ill. 469, 82 N.E. 645, seems to be contrary to the holding in the Ward case. The facts in the Adams case are not like those in the present case, but because they bear some resemblance to the interpretation which the defendant would place on the mining agreement executed by Herman J. Sternberg, we will consider it. In the Adams case, the testator contracted with a coal company whereby the coal company was given an option to pay at any time within nine months the sum of $15 per acre and receive "a deed to all the coal and other minerals underlying" certain premises. The will of the testator in the Adams case left his wife a life estate in all his real estate, and the personal property outright. The option was exercised after testator's death. The widow claimed that she was entitled to receive the consideration provided in the option contract as personal property, while the heirs took the position that she was only entitled to a life estate therein because, on the death of the testator, the funds thereafter derived from exercise of the option were not personal property of the estate. In disposing of the conflicting claims, the Court held, 82 N.E. loc. cit. 647:
"The doctrine of equitable conversion depending upon the principle that a court of equity looks upon that as done which the parties to an agreement have contracted to be done, should not apply in cases of this kind, as it would result in defeating the intention of the testator, which is the paramount rule of construction as to wills. Bradsby v. Wallace, 202 Ill. 239, 66 N.E. 1088. Manifestly, the testator in this will considered these mineral and coal rights covered by the optional contract as real estate. We recognize, as we did in Covey v. Dinsmoor, supra, 226 Ill. 438, 80 N.E. 998, 9 Ann.Cas. 31, that there are authorities which hold that, in contracts of sale upon the purchaser's option, the moment such option is exercised a conversion, as between the parties claiming title under the vendor, relates back to the time of the execution of the contract. But these authorities are not in harmony with the decisions of this court. We are fully satisfied with the rule stated in Covey v. Dinsmoor, supra, and adhere to it in this case. The holding of the chancellor that the executrix was the equitable owner of the purchase money, `and that said purchase money is personal estate and passes as such under the said will,' cannot be upheld."
This case may be further distinguished from the Ward case in that in the Ward case there was admittedly a valid contract of sale and in the Adams case there was an option, which might never have been exercised.
Were we to hold that under the mining agreement executed by Herman J. Sternberg, he sold all the coal on or in the land described in the agreement, it is our opinion we would thereby repudiate the intention of the parties as evidenced by their written agreement. Nor is there anything in the will indicating, on the part of Herman J. Sternberg, any such intention or understanding existed at the time of the execution of the mining agreement or the will.
We think the ruling and authorities listed in the case of Ohio Oil Company v. Wright, supra, settle this issue contrary to the claims of the defendant (53 N.E.2d loc. cit. 969): "In Stoddard v. Illinois Improvement & Ballast Co., 275 Ill. 199, *23 113 N.E. 913, we held that a contract providing for the royalty on minerals extracted from lands constituted a lease, and that the royalty agreed to be paid constituted rent. The right to receive royalties constitutes an interest in land, but accrued royalties are personal property. United States v. Noble, 237 U.S. 74, 35 S.Ct. 532, 59 L.Ed. 844; Callahan v. Martin, 3 Cal.2d 110, 43 P.2d 788, 101 A.L.R. 871. In Von Baumbach v. Sargent Land Co., 242 U.S. 503, 37 S.Ct. 201, 61 L.Ed. 460, royalties from mineral leases are held to be rent, and consequently income. It follows Boeing v. Owsley, 122 Minn. 190, 142 N.W. 129, and State v. Evans, 99 Minn. 220, 108 N.W. 958, 9 Ann.Cas. 520, where royalties are defined as ` "the compensation which the occupier pays the landlord for that species of occupation which the contract between them allows"'."

Order
1. Plaintiffs are entitled to a judgment as a matter of law on Count 1 of the complaint, that the defendant account to plaintiffs William F. Sternberg, Louis E. Sternberg, Emma A. Walthers, and Minnie S. Hilbrant, as heirs-at-law of Herman J. Sternberg, for one-half of all royalties which accrued and were collected subsequent to the death of Herman J. Sternberg, under the mining agreement attached to plaintiffs' petition and identified as "Exhibit B." All other issues submissible under Count 1 of the complaint shall be tried and disposed of at time of hearing under Count 2 of the complaint. No final judgment under Count 1 of the complaint will be entered until final judgment can be entered on all issues in Counts 1 and 2 of the complaint.
2. Defendant's motion for a stay of proceedings on Count 1 of the complaint until decision of the Supreme Court of Illinois on the appeal from the decision of the Circuit Court of Fulton County, Illinois, in case wherein the parties are the same as in this case, is over-ruled.
3. Either party may, on notice, apply for a setting of this cause for trial on all remaining issues.
NOTES
[1] " for 5% interest on the amount of said royalties from the date when the plaintiffs demanded the same of the defendant and notified the defendant that such interest would be claimed.

"For the amount (as yet undetermined) of the costs, fees and expenses aforesaid incurred and to be incurred;
"For the additional amount (as yet undetermined) of income taxation to be suffered as aforesaid;
"For the amount of income, from said farm lands, heretofore collected by defendant, with interest thereon."
[2] The decision in the Circuit Court of Fulton County, Illinois, is based upon an Illinois statute passed in 1872, as amended by Laws 1941, July 21, Vol. 1, page 1, Section 1  "Marriage by the testator shall be deemed a revocation of any existing will executed by the testator prior to the date of the marriage." Ill.Rev.Stat.1943, C. 3, Par. 197.
[3] See also McAnnulty v. McAnnulty, 120 Ill. 26, 11 N.E. 397, 60 Am.Rep. 552; Campbell v. McLain, 318 Ill. 610, 149 N. E. 481; Gartin v. Gartin, 371 Ill. 418, 21 N.E.2d 289.
[4] Of Agreement
"This Agreement made and entered into this 2d day of September, A.D. 1936, by and between H. J. Sternberg, of the City of St. Louis, Missouri, party of the first part, and Central State Collieries, Inc., an Illinois Corporation, party of the second part,
"Witnesseth:
"Whereas, the party of the first part is either the owner or has contracts for the purchase of the following tracts of land, to-wit:
(legal descriptions)
"And Whereas, said party of the first part is negotiating for the purchase of other tracts of land in the vicinity of the above described lands, and proposes to hold or to control the title to said lands for the exclusive use and benefit of the party of the second part, to be used in connection with the carrying on of its business of mining and removing coal by means of stripping operations.
"Therefore, This Indenture Witnesseth:
"1. That for and in consideration of the covenants and agreements hereinafter set forth to be kept and performed by the party of the second part, the party of the first part hereby covenants and agrees to hold or acquire and hold the title to all of the lands hereinabove described, and all other lands in the vicinity of said lands which may hereafter be acquired by the party of the first part, for the sole exclusive use and benefit of the party of the second part, hereby giving to said party of the second part the right to enter upon said lands or any part thereof in which the party of the first part has now or may hereafter acquire title, with shovels and other equipment, and to mine and remove all available coal laying beneath the surface thereof by stripping methods.
"2. In consideration thereof the party of the second part covenants and agrees to pay to the party of the first part a royalty of fifteen cents (15¢) per ton for all coal mined and removed from said premises, railroad and truck weights to govern the quantity of coal upon which said royalty shall be computed.
"3. The party of the second part covenants and agrees to keep suitable records showing from day to day the amount of coal so mined and removed from said premises, or any part thereof, and the railroad and truck weights of such coal, which said records shall be available and open for the inspection of the party of the first part at any and all reasonable times. Upon the tenth day of each month the party of the second part shall render to the party of the first part a statement in writing showing the railroad and truck weights of all coal mined and removed from said premises during the preceding calendar month, and shall pay to the party of the first part at the time of rendering such statement the amount of royalty due as shown by such statement.
"4. This agreement shall be in full force and effect for the period of twenty (20) years after the date hereof, and shall be binding upon the heirs, representatives or assigns of both parties hereto.
"5. It Is Further Covenanted And Agreed by and between the parties hereto that in case the party of the second part fails to make the payments and carry out the terms of this agreement on its part to be kept and performed, then the party of the first part shall have the right to declare said agreement forfeited and terminated by giving the party of the second part sixty (60) days notice in writing of such intention.
"In Witness Whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.
 H. J. Sternberg (Seal)
 Party Of The First Part.
Attest: Central State Collieries, Inc.,
Leo M. Geissal, By August Doenges (Seal)
Secretary. Its Vice-President
 Party Of The Second Part"